UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RAPHAEL HALL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-417 |
| | § | |
| BAC HOME LOANS SERVICING, L.P. | § | |
| F/K/A COUNTRYWIDE HOME LOANS | § | |
| SERVICING, L.P., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO DISMISS

### I.

Before the Court is the defendants, Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss the plaintiffs, Reginald Harris and Marsha Harris, as agent and attorney-in-fact for Raphael Hall's response. *See* [Docket Entry Nos. 24 and 28, respectively]. The Court has reviewed the defendants' second motion to dismiss and finding it no more compelling than its first, determines that the motion should be denied. *See* [Docket Entry No. 21].

### II.

The factual basis for the plaintiffs' suit and the defendants' motion to dismiss are set forth in the Court's earlier Memorandum and Order. Therefore, the Court need not restate those positions again here. It is sufficient to a denial of the defendants' motion that the plaintiffs have asserted that: (a) the defendants, in the face of a valid temporary restraining order, proceed to, and did in fact, foreclose on the plaintiffs' property; (b) the defendants failed to follow the express terms of the deed of trust in the process of foreclosing the note and selling the plaintiffs'

property; and (c) the defendants recorded false and fraudulent documents in preparing to enforce a lien against the plaintiffs' property.

## III.

The defendants' second motion to dismiss must be denied in light of *Iqbal* and *Tombly*. A motion to dismiss, under FRCP 12(b)(6) is appropriately granted only if the plaintiff has not provided fair notice of his claim and factual allegations that, when accepted as true, plausible rise above speculation.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 S. Ct. 544, 555-56 (2007).   The Court need not determine that the plaintiff will, or even might, prevail on the trial in a determination of a party's motion to dismiss. It is sufficient that one or more of the plaintiffs' claims is viable.  Such is the case here.

Therefore, the defendants' second motion to dismiss is **DENIED**.

SIGNED at Houston, Texas this 24th day of January, 2012.

_____

Kenneth M. Hoyt
United States District Judge